# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

EMPLOYERS MUTUAL )
CASUALTY COMPANY, )
                                   )
          Plaintiff, )
v. )   NO. CIV-16-995-HE
                                   )
W-W TRAILER MANUFACTURERS, )
d/b/a W.W. TRAILER )
MANUFACTURING )
                                   )
          Defendant. )

## ORDER

Plaintiff Employers Mutual Casualty Company ("Employers") filed this action seeking a declaratory judgment that it owed no more to its insured, defendant W-W Trailer Manufacturers, Inc. ("W-W Trailer"), than it had already paid on W-W Trailer's insurance claim. W-W Trailer answered the complaint and filed a counterclaim asserting claims for breach of contract and bad faith. Employers has moved to dismiss the bad faith claim pursuant to Fed.R.Civ.P. 12(b)(6).

When considering whether a claim should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The pleading must, though, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570, 555 (2007). "'A claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged.'" Shields, 744 F.3d at 640 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Id.* at 640-41 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)).

"While the 12(b)(6) standard does not require that [a party] establish a prima facie case in [its] complaint, the elements of each alleged cause of action help to determine whether [that party] has set forth a plausible claim." Khalik, 671 F.3d at 1192. To establish a bad faith counterclaim under Oklahoma law, a party must prove more than a breach of the insurance contract. It must also establish that the insurer acted unreasonably and in bad faith in handling its claim. *See* Badillo v. Mid Century Ins. Co., 121 P.3d 1080, 1093 (Okla. 2005) (reciting the elements of a bad faith claim and identifying "the insurer's unreasonable, bad-faith conduct" as the "essence" of such a claim).

Here, defendant's counterclaim lacks any specific facts that would give rise to an inference of bad faith. Rather, it generally alleges that Employers breached its duty of

2

good faith because it "[f]ailed to pay for a claim which it knew or through reasonable diligence should have known, is a covered loss" and because Employers "[w]rongfully, unreasonably, and intentionally failed to make payment to Trailer for covered claims, although this loss occurred over one year ago." Id. W-W Trailer does not present any other facts that would suggest that Employers acted in bad faith. The allegations do not state a basis for concluding that there is anything more here than a disagreement about the amounts owed under the policy. The counterclaim offers nothing beyond that but "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. That is insufficient.

Accordingly, Employers' partial motion to dismiss [Doc. #13] is **GRANTED**. The bad faith counterclaim is **DISMISSED**. Plaintiff is granted leave to amend its counterclaim within **fourteen (14) days**.

**IT IS SO ORDERED**

Dated this 5th day of December, 2016.

JOE HEATON
CHIEF U. S. DISTRICT JUDGE